Kristen Lake Cardoso (SBN 338762)
Jeff Ostrow (*pro hac vice* forthcoming)
**KOPELOWITZ OSTROW P.A.**
1 West Las Olas Blvd., Suite 500
Fort Lauderdale, FL 33301
Tel: (954) 525-4100
*cardoso@kolawyers.com*
*ostrow@kolawyers.com*

John J. Nelson (SBN 317598)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
402 W. Broadway, Suite 1760
San Diego, CA 92101
Telephone: (858) 209-6941
*jnelson@milberg.com*

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| J.M., individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BERKELEY RESEARCH GROUP, LLC.<br><br>　　　　Defendant. | **CASE NO.:**<br><br>**CLASS ACTION COMPLAINT COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF FOR:**<br><br>　1. **NEGLIGENCE;**<br>　2. **NEGLIGENCE *PER SE;***<br>　3. **BREACH OF THIRD-PARTY BENEFICIARY CONTRACT;**<br>　4. **VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW (CAL. BUS. & PROF. CODE § 17200, *ET SEQ.*); AND**<br>　5. **UNJUST ENRICHMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff J.M. ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this Class Action Complaint against Defendant Berkeley Research Group, LLC ("Defendant"). Plaintiff alleges the following upon information and belief based on the investigation of counsel, except as to

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

those allegations that specifically pertain to each Plaintiff, which are alleged upon personal knowledge.

## **INTRODUCTION**

1.      Plaintiff and the proposed members of the Class (defined below) ("Class Members") bring this class action lawsuit on behalf of all persons who entrusted Defendant with highly sensitive Personally Identifiable Information ("PII")[1] and Protected Health Information ("PHI")[2] (collectively "Private Information") that was subsequently exposed in a data breach, which Defendant discovered on March 2, 2025 ("Data Breach").

2.      Plaintiff's claims arise from Defendant's failure to properly secure and safeguard Private Information that was entrusted to it, and its accompanying responsibility to store and transfer that information.

3.      Defendant is a management consulting firm based in Emeryville, California. Defendant's services span the fields of corporate finance, economics, disputes and investigations, and performance improvement. Defendant also specializes in Chapter 11 reorganizations and turnaround consulting and has been hired to provide services in a number of bankruptcy proceedings, including those involving the Catholic dioceses and the Boy Scouts of America, among others.

4.      Defendant had numerous statutory, regulatory, contractual, and common law duties and obligations, including those based on their affirmative representations to Plaintiff and the Class, to keep their Private Information confidential, safe, secure, and protected from unauthorized disclosure or access.

---

[1] Personally identifiable information generally incorporates information that can be used to distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its face expressly identifies an individual.

[2] Protected health information is a category of information that refers to an individual's medical records and history, which is protected under the Health Insurance Portability and Accountability Act. Inter alia, PHI includes test results, procedure descriptions, diagnoses, personal or family medical histories and data points applied to a set of demographic information for a particular patient.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

5.    On March 2, 2025, Defendant discovered suspicious activity on its IT Network consistent with a ransomware attack.[3]

6.    In response, Defendant took steps to contain and remediate the situation, including taking systems offline, engaging cybersecurity and privacy professionals to assist, and beginning a forensic investigation.[4]

7.    Defendant's investigation determined that unauthorized activity on Defendant's IT Network occurred between February 28, 2025, and March 2, 2025.[5]

8.    Upon information and belief, the individuals' impacted in the Data Breach include, at least in part, sexual abuse victims.[6]

9.    Upon information and belief, the Data Breach may have compromised the following types of Private Information: name, address, dates of birth, driver's license/ID number, Social Security number, medical information, and highly sensitive details concerning sexual abuse and harassment claims.

10.    Defendant failed to take precautions designed to keep individuals' Private Information secure.

11.    Defendant owed Plaintiff and Class Members a duty to take all reasonable and necessary measures to keep the Private Information it collected safe and secure from unauthorized access. Yet, Defendant breached its duty by failing to implement or maintain adequate security practices.

12.    Defendant admits that information in its IT Network was accessed by unauthorized individuals, though its has provided little information regarding how the Data Breach occurred.

13.    The sensitive nature of the data exposed through the Data Breach signifies that Plaintiff and Class Members have suffered irreparable harm. Plaintiff and Class

---

[3] *Notice of Data Incident*, Berkeley Research Group, LLC: https://www.thinkbrg.com/notice-of-data-incident/ (last visited May 15, 2025).
[4] *Id.*
[5] *Id.*
[6] https://www.catholicnewsagency.com/news/263993/department-of-justice-says-data-breach-exposed-information-on-diocesan-sex-abuse-survivors (last visited May 15, 2025).

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

Members have lost the ability to control their private information and are subject to an increased risk of harm.

14.     As a result of the Defendant's inadequate digital security and notice process, Plaintiff and Class Members' Private Information are exposed to criminals. Plaintiff and the Class have suffered and will continue to suffer injuries including: emotional harm; financial losses caused by misuse of Private Information; the loss or diminished value of their Private Information as a result of the Data Breach; lost time associated with detecting and preventing identity theft; and theft of personal and financial information.

15.     Plaintiff brings this action on behalf of all persons whose Private Information were compromised as a result of Defendant's failure to: (i) adequately protect the Private Information of Plaintiff and members of the Class; (ii) warn Plaintiff and Class Members of Defendant's inadequate information security practices; (iii) effectively secure hardware containing protected Private Information using reasonable and adequate security procedures free of vulnerabilities and incidents; and (iv) timely notify Plaintiff and Class Members of the Data Breach. Defendant's conduct amounts to at least negligence and violates federal and state statutes.

16.     Plaintiff brings this action individually and on behalf of a Nationwide Class of similarly situated individuals against Defendant for: negligence; negligence *per se*; unjust enrichment, and on behalf of a California Subclass for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

17.     Plaintiff seeks to remedy these harms and prevent any future data compromise on behalf of himself, and all similarly situated persons, whose Private information was compromised and stolen as a result of the Data Breach and who remain at risk due to Defendant's inadequate data security practices.

## **PARTIES**

### *Plaintiff*

18.     Plaintiff is a citizen and resident of Bishopville, South Carolina.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

*Defendant*

19.    Defendant is a Limited Liability Company formed under the laws of the State of Delaware, having its principal place of business located at 2200 Powell Street Suite 1200. Emeryville, CA 94608. Upon information and belief, each of Defendant's members are citizens of California.

## JURISDICTION AND VENUE

20.    This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. At least one member of the Class defined below is a citizen of a different state than Defendant, and there are more than 100 putative Class Members.[7]

21.    This Court has personal jurisdiction over Defendant because Defendant maintains its principal place of business in Emeryville, California, located within this District.

22.    Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because Defendant maintains its principal place of business in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

### A. Background on Defendant

23.    Defendant is a management consulting firm whose services span the fields of corporate finance, economics, disputes and investigations, and performance improvement, turnaround and restructuring, and transaction advisory.

24.    Defendant specializes in providing financial advisory services to creditors' committees, trustees and others in a wide variety of bankruptcy cases.

25.    Defendant has unique and extensive experience working with committees of

---

[7] *Cases Currently Under Investigation U.S. Department of Health and Human Services Office for Civil Rights:* Berkeley Research Group, LLC
https://ocrportal.hhs.gov/ocr/breach/breach_report.jsf (last visited May 15, 2025)

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

survivors of childhood sexual abuse in chapter 11 cases involving entities affiliated with the Roman Catholic Church, including: Diocese of San Diego (California); Diocese of Wilmington (Delaware); Society of Jesus, Oregon Province (a five state Province); Archdiocese of Milwaukee (Wisconsin); The Christian Brothers' Institute; The Christian Brothers of Ireland, Inc.; the Roman Catholic Bishop of Stockton (California); the Roman Catholic Bishop of Great FallsBillings (Montana); Roman Catholic Church of the Archdiocese of New Orleans (New Orleans); and the Diocese of Rochester (New York). Defendant also has experience serving as financial advisor to committees comprised of, or including, survivors of childhood sexual abuse and adult survivors of sexual abuse and harassment, including Boy Scouts of America and The Weinstein Companies.

26.     Upon information and belief, Defendant made promises and representations to individuals, including Plaintiff and Class Members, that the Private Information collected from them would be kept safe and confidential, and that the privacy of that information would be maintained.

27.     Plaintiff and Class Members maintained a reasonable belief that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

28.     As a result of collecting and storing the Private Information of Plaintiff and Class Members, Defendant had a continuous duty to adopt and employ reasonable measures to protect Plaintiff's and the Class Members' Private Information from disclosure to third parties.

**B. The Data Breach**

29.     On March 2, 2025, Defendant discovered suspicious activity on its IT Network consistent with a ransomware attack.[8]

---

[8] *Notice of Data Incident*, Berkeley Research Group, LLC: https://www.thinkbrg.com/notice-of-data-incident/ (last visited May 15, 2025).

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

30.     Upon discovery, Defendant took steps to contain and remediate the situation, including taking systems offline, engaging cybersecurity and privacy professionals to assist, and beginning a forensic investigation.[9]

31.     Defendant's investigation determined that unauthorized activity on Defendant's IT Network occurred between February 28, 2025, and March 2, 2025.[10]

32.     In notification letters Defendant sent out regarding the Data Breach, Defendant states that a hacker accessed individuals' Private Information by posing as an internal IT worker on Microsoft Teams to log on to an employee's laptop.[11] Once inside Defendant's IT Network, the hacker deployed a variant of Chaos ransomware and demanded payment in return for deleting stolen data.[12]

33.     Upon information and belief, the individuals' impacted in the Data Breach include, at least in part, sexual abuse victims.[13]

34.     Upon information and belief, the Data Breach may have compromised the following types of Private Information: name, address, dates of birth, driver's license/ID number, Social Security number, medical information, and highly sensitive details concerning sexual abuse and harassment claims.

35.     On May 9, 2025, Defendant made a public disclosure of the Data Breach on its website.[14]

36.     Plaintiff's claims arise from Defendant's failure to safeguard his Private Information and failure to provide timely notice of the Data Breach.

37.     Defendant failed to take precautions designed to keep individuals' Private Information secure.

---

[9] *Id.*
[10] *Id.*
[11] https://databreaches.net/2025/05/11/department-of-justice-says-berkeley-research-group-data-breach-may-have-exposed-information-on-diocesan-sex-abuse-survivors/ (last visited May 15, 2025).
[12] *Id.*
[13] https://www.catholicnewsagency.com/news/263993/department-of-justice-says-data-breach-exposed-information-on-diocesan-sex-abuse-survivors (last visited May 15, 2025).
[14] *Notice of Data Incident*, Berkeley Research Group, LLC: https://www.thinkbrg.com/notice-of-data-incident/ (last visited May 15, 2025).

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

38.    While Defendant sought to minimize the damage caused by the Data Breach, it cannot and has not denied that there was unauthorized access to the sensitive Private Information of Plaintiff and Class Members.

39.    Individuals affected by the Data Breach are, and remain, at risk that their data will be sold or listed on the dark web and, ultimately, illegally used in the future.

**C. Defendant's Failure to Prevent, Identify, and Timely Report the Data Breach**

40.    Defendant admits that an unauthorized third-party accessed its IT Network. Defendant failed to take adequate measures to protect its computer systems against unauthorized access.

41.    The Private Information that Defendant allowed to be exposed in the Data Breach is the type of private information that Defendant knew or should have known would be the target of cyberattacks.

42.    Despite its own knowledge of the inherent risks of cyberattacks, and notwithstanding the FTC's data security principles and practices,[15] Defendant failed to disclose that its systems and security practices were inadequate to reasonably safeguard individuals' sensitive Private Information.

43.    The FTC directs businesses to use an intrusion detection system to expose a breach as soon as it occurs, monitor activity for attempted hacks, and have an immediate response plan if a breach occurs.[16] Immediate notification of a Data Breach is critical so that those impacted can take measures to protect themselves.

44.    Defendant owed a duty to Plaintiff and Class Members to design, maintain and test its computer systems, servers and networks to ensure that all Private Information in its possession was adequately secured and protected.

45.    Defendant owed a duty to Plaintiff and Class Members to create and implement reasonable data security practices and procedures to protect all Private

---

[15] *Protecting Personal Information: A Guide for Business,* FED. TRADE COMM'N (Oct. 2016), https://www.ftc.gov/business-guidance/resources/protecting-personal-information-guide-business. (last visited May 15, 2025).
[16] *Id.*

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

Information in its possession, including not sharing information with other entities who maintained sub-standard data security systems.

46.     Defendant owed a duty to Plaintiff and Class Members to implement processes that would immediately detect a breach on its data security systems in a timely manner.

47.     Defendant owed a duty to Plaintiff and Class Members to act upon data security warnings and alerts in a timely fashion.

48.     Defendant owed a duty to Plaintiff and Class Members to disclose if its computer systems and data security practices were inadequate to safeguard individuals' Private Information from theft.

49.     Defendant owed a duty of care to Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

50.     Defendant owed a duty to Plaintiff and Class Members to encrypt and/or more reliably encrypt Plaintiff's and Class Members' Private Information and monitor user behavior and activity in order to identity possible threats.

**D. Value of Relevant Private Information**

51.     Private Information is a valuable commodity for which a "cyber black market" exists in which criminals openly post stolen Social Security numbers, dates of birth in combination with names and other type of Private Information on a number of underground internet websites.

52.     The high value of Private Information to criminals is evidenced by the prices they will pay for it through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[17] Experian

---

[17] *Your personal data is for sale on the dark web. Here's how much it costs*, Digital Trends, Oct. 16, 2019, available at: https://www.digitaltrends.com/computing/personal-data-sold-on-thedark-web-how-much-it-costs/ (last visited May 15, 2025).

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web.[18] Criminals can also purchase access to entire company data breaches from $999 to $4,995.[19]

53.    Stolen Private Information is often trafficked on the "dark web," a heavily encrypted part of the Internet that is not accessible via traditional search engines. Law enforcement has difficulty policing the "dark web" due to this encryption, which allows users and criminals to conceal their identities and online activity.

54.    When malicious actors infiltrate companies and copy and exfiltrate the Private Information that those companies store, the stolen information often ends up on the dark web where malicious actors buy and sell that information for profit.[20]

55.    For example, when the U.S. Department of Justice announced their seizure of AlphaBay—the largest online "dark market"—in 2017, AlphaBay had more than 350,000 listings, many of which concerned stolen or fraudulent documents that could be used to assume another person's identity."[21] Marketplaces similar to the now-defunct AlphaBay continue to be "awash with [PII] belonging to victims from countries all over the world."[22] As data breaches continue to reveal, "PII about employees, clients and the public are housed in all kinds of organizations, and the increasing digital transformation of today's businesses only broadens the number of potential sources for hackers to target."[23]

---

[18] *Here's How Much Your Personal Information Is Selling for on the Dark Web, Experian*, Dec. 6, 2017, available at: https://www.experian.com/blogs/ask-experian/heres-how-much-yourpersonal-information-is-selling-for-on-the-dark-web/ (last visited May15, 2025).
[19] *In the Dark*, VPNOverview, 2019, available at: https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last visited May 15, 2025).
[20] *Shining a Light on the Dark Web with Identity Monitoring*, IDENTITYFORCE (Dec. 28, 2020) https://www.identityforce.com/blog/shining-light-dark-web-identity-monitoring (last visited May 15, 2025).
[21] *Stolen PII & Ramifications: Identity Theft and Fraud on the Dark Web*, ARMOR (April 3, 2018), https://res.armor.com/resources/blog/stolen-pii-ramifications-identity-theft-fraud-dark-web/ (last visited May 15, 2025).
[22] *Id.*
[23] *Id.*

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

56.     According to the FBI's Internet Crime Complaint Center (IC3) 2019 Internet Crime Report, Internet-enabled crimes reached their highest number of complaints and dollar losses in 2019, resulting in more than $3.5 billion in losses to individuals and business victims.[24]

57.     Further, according to the same report, "rapid reporting can help law enforcement stop fraudulent transactions before a victim loses the money for good."[25] Defendant did not rapidly report to Plaintiff and Class Members that their Private Information had been stolen. Defendant notified impacted people two months after learning of the Data Breach.

58.     The ramifications of Defendant's failure to keep secure Plaintiff's and Class Members' PHI/PII are long lasting and severe. Once Private Information is stolen, particularly identification numbers, fraudulent use of that information and damage to victims may continue for years. Indeed, Plaintiff's and Class Members' Private Information was taken by hackers with the intent to engage in identity theft or to sell it to other criminals who will purchase the Private Information for that purpose. The fraudulent activity resulting from the Data Breach may not come to light for years.

59.     In addition to a remedy for economic harm, Plaintiff and Class Members maintain an interest in ensuring that their Private Information is secure, remains secure, and is not subject to further misappropriation and theft.

60.     Defendant disregarded the rights of Plaintiff and Class Members by (a) intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure that its network servers were protected against unauthorized intrusions; (b) failing to disclose that it did not have adequately robust security protocols and training practices in place to safeguard Plaintiff's and Class Members' Private Information; (c)

---

[24] *2019 Internet Crime Report Released*, FBI (Feb. 11, 2020) https://www.fbi.gov/news/stories/2019-internet-crime-report-released-021120#:~:text=IC3%20received%20467%2C361%20complaints%20in,%2Ddelivery%20scams%2C%20and%20extortion (last visited May 15, 2025).
[25] *Id.*

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

failing to take standard and reasonably available steps to prevent the Data Breach; (d) concealing the existence and extent of the Data Breach for an unreasonable duration of time; and (e) failing to provide Plaintiff and Class Members prompt and accurate notice of the Data Breach.

61.     The actual and adverse effects to Plaintiff and Class Members, including the imminent, immediate, and continuing increased risk of harm for identity theft, identity fraud and/or medical fraud directly or proximately caused by Defendant's wrongful actions and/or inaction and the resulting Data Breach require Plaintiff and Class Members to take affirmative acts to recover their peace of mind and personal security including, without limitation, purchasing credit reporting services, purchasing credit monitoring and/or internet monitoring services, frequently obtaining, purchasing and reviewing credit reports, bank statements, and other similar information, instituting and/or removing credit freezes and/or closing or modifying financial accounts, for which there is a financial and temporal cost. Plaintiff and other Class Members have suffered, and will continue to suffer, such damages for the foreseeable future.

**E. Plaintiff's Experience**

62.     Plaintiff is a victim of sexual assault.

63.     Upon information and belief, Defendant sent Plaintiff a notice letter informing him that his Private Information was compromised in the Data Breach.

64.     As a condition of providing services to its clients, Defendant collected and maintained Plaintiff's Private Information.

65.     Defendant was in possession of Plaintiff's Private Information before, during, and after the Data Breach.

66.     Plaintiff reasonably understood and expected that Defendant would safeguard his Private Information and timely and adequately notify him in the event of a data breach.

67.     Plaintiff greatly values his privacy and Private Information and takes reasonable steps to maintain the confidentiality of his Private Information. Plaintiff is

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

very concerned about identity theft and fraud, as well as the consequences of sensitive details about his experience as a sexual abuse victim becoming public as a result of the Data Breach.

68. Plaintiff stores any and all documents containing Private Information in a secure location and destroys any documents he receives in the mail that contain any Private Information or that may contain any information that could otherwise be used to compromise his identity and credit card accounts. Moreover, he diligently chooses unique usernames and passwords for his various online accounts.

69. As a result of the Data Breach, Plaintiff has spent considerable time researching the Data Breach, reviewing his bank accounts, monitoring his credit report, changing his passwords and other necessary mitigation efforts. This is valuable time that Plaintiff spent at Defendant's direction and that he otherwise would have spent on other activities, including but not limited to work and/or recreation.

70. The Data Breach has caused Plaintiff to suffer fear, anxiety, and stress.

71. Plaintiff has a continuing interest in ensuring that his Private Information, which upon information and belief, remains in Defendant's possession, is protected and safeguarded from future breaches.

72. As a direct and traceable result of the Data Breach, Plaintiff suffered actual injury and damages after his Private Information was compromised and stolen in the Data Breach, including, but not limited to: (a) loss of privacy due to his Private Information being accessed and stolen by cybercriminals; (b) loss of the benefit of the bargain because Defendant did not adequately protect his Private Information; (c) emotional distress because cybercriminals now possess his sensitive Private Information; (d) imminent and impending injury arising from the increased risk of fraud and identity theft now that his Private Information has been stolen; (e) diminution in the value of his Private Information; and (f) other economic and non-economic harm.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CLASS ALLEGATIONS

73.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), individually and on behalf of the following Nationwide Class:

### Nationwide Class

All individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized party as a result of the Data Breach discovered by Defendant on March 2, 2025 ("Class").

### California Subclass

All individuals residing in the State of California whose Private Information was accessed and/or acquired by an unauthorized party as a result of the Data Breach discovered by Defendant on March 2, 2025 ("California Subclass").

74.     Specifically excluded from the Class are Defendant, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, principals, servants, partners, joint venturers, or entities controlled by Defendant, and its heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

75.     Plaintiff reserves the right to amend the Class definitions above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

76.     This action may be certified as a class action under Rule 23 of the FRCP because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

77.     Numerosity: The Class is so numerous that joinder of all Class Members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, upon information and belief,

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

Plaintiff estimates that the Class is comprised of at least 500 Class Members, if not more. The Class is sufficiently numerous to warrant certification.

78.    <u>Typicality of Claims</u>: Plaintiff's claims are typical of those of other Class Members because Plaintiff, like the unnamed Class, had his Private Information compromised as a result of the Data Breach. Plaintiff is a member of the Class, and his claims are typical of the claims of the members of the Class. The harm suffered by Plaintiff is similar to that suffered by all other Class Members which was caused by the same misconduct by Defendant.

79.    <u>Adequacy of Representation</u>: Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests antagonistic to, nor in conflict with, the Class. Plaintiff has retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

80.    <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class Members are relatively small, the expense and burden of individual litigation make it impossible for individual Class Members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

81.    <u>Predominant Common Questions</u>: The claims of all Class Members present common questions of law or fact, which predominate over any questions affecting only individual Class Members, including:

       a.  Whether Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

b. Whether Defendant's data security systems prior to and during the Data Breach complied with applicable data security laws and regulations;

c. Whether Defendant's storage of Plaintiff's and Class Member's Private Information was done in a negligent manner;

d. Whether Defendant had a duty to protect and safeguard Plaintiff's and Class Members' Private Information;

e. Whether Defendant's conduct was negligent;

f. Whether Defendant's conduct violated Plaintiff's and Class Members' privacy;

g. Whether Defendant breached a contract made for the express benefit of Plaintiff and Class Members;

h. Whether Defendant's conduct violated the statutes as set forth herein;

i. Whether Defendant took sufficient steps to secure individuals' Private Information;

j. Whether Defendant was unjustly enriched; and

k. The nature of relief, including damages and equitable relief, to which Plaintiff and Class Members are entitled.

82.    Information concerning Defendant's policies is available from Defendant's records.

83.    Plaintiff knows of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

84.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

85.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

86.    Given that Defendant had not indicated any changes to its conduct or security measures, monetary damages are insufficient and there is no complete and adequate remedy at law.

## CAUSES OF ACTION
### COUNT I
### NEGLIGENCE
### (On Behalf of Plaintiff and the Nationwide Class)

87.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 86 as though fully set forth herein.

88.    Plaintiff brings this claim individually and on behalf of the Class Members.

89.    Defendant knowingly collected, came into possession of, and maintained Plaintiff's and Class Members' Private Information, and had a duty to exercise reasonable care in safeguarding, securing, and protecting such information from being compromised, lost, stolen, misused, and/or disclosed to unauthorized parties.

90.    Defendant had a duty to have procedures in place to detect and prevent the loss or unauthorized dissemination of Plaintiff's and Class Members' Private Information.

91.    Defendant had, and continues to have, a duty to timely disclose that Plaintiff's and Class Members' Private Information within its possession was compromised and precisely the types of information that were compromised.

92.    Defendant owed a duty of care to Plaintiff and Class Members to provide data security consistent with industry standards, applicable standards of care from statutory authority like Section 5 of the FTC Act, and other requirements discussed herein, and to ensure that its systems and networks, and the personnel responsible for them, adequately protected individuals' Private Information.

93.    Defendant's duty of care to use reasonable security measures arose as a result of the special relationship that existed between Defendant and its clients. Defendant was

in a position to ensure that its systems were sufficient to protect against the foreseeable risk of harm to Plaintiff and Class Members from a data breach.

94. Defendant's duty to use reasonable care in protecting confidential data arose not only as a result of the statutes and regulations described above, but also because Defendant is bound by industry standards to protect confidential Private Information.

95. Defendant breached these duties by failing to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' Private Information.

96. The specific negligent acts and omissions committed by Defendant include, but are not limited to, the following:

a. Failing to adopt, implement, and maintain adequate security measures to safeguard Plaintiff's and Class Members' Private Information;

b. Failing to adequately monitor the security of its networks and systems; and

c. Failing to periodically ensure that its computer systems and networks had plans in place to maintain reasonable data security safeguards.

97. Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to exercise reasonable care in protecting and safeguarding Plaintiff's and Class Members' Private Information within Defendant's possession.

98. Defendant, through its actions and/or omissions, unlawfully breached its duties to Plaintiff and Class Members by failing to have appropriate procedures in place to detect and prevent dissemination of Plaintiff's and Class Members' Private Information.

99. Defendant, through its actions and/or omissions, unlawfully breached its duty to timely disclose to Plaintiff and Class Members that the Private Information within Defendant's possession might have been compromised and precisely the type of information compromised.

100. Defendant breached the duties set forth in 15 U.S.C. § 45, the FTC guidelines, the National Institute of Standards and Technology's Framework for

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

Improving Critical Infrastructure Cybersecurity, and other industry guidelines. In violation of 15 U.S.C. § 45, Defendant failed to implement proper data security procedures to adequately and reasonably protect Plaintiff's and Class Members' Private Information. In violation of the FTC guidelines, *inter alia,* Defendant did not protect the personal patient information it keeps; failed to properly dispose of personal information that was no longer needed; failed to encrypt information stored on computer networks; lacked the requisite understanding of its networks' vulnerabilities; and failed to implement policies to correct security issues.

101.   It was foreseeable that Defendant's failure to use reasonable measures to protect Plaintiff's and Class Members' Private Information would result in injury to Plaintiff and Class Members. Further, the breach of security was reasonably foreseeable given the known high frequency of cyberattacks and data breaches.

102.   It was foreseeable that the failure to adequately safeguard Plaintiff's and Class Members' Private Information would result in injuries to Plaintiff and Class Members.

103.   Defendant's breach of duties owed to Plaintiff and Class Members caused Plaintiff's and Class Members' Private Information to be compromised.

104.   But for Defendant's negligent conduct and breach of the above-described duties owed to Plaintiff and Class Members, their Private Information would not have been compromised.

105.   As a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered and will continue to suffer injury, including but not limited to (i) actual identity theft, (ii) the loss of the opportunity of how their Private Information is used, (iii) the compromise, publication and/or theft of their Private Information, (iv) out-of-pocket expenses associated with the prevention, detection and recovery from identity theft, tax fraud and/or unauthorized use of their Private Information, (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach,

including but not limited to efforts spent researching how to prevent, detect, contest and recover from embarrassment and identity theft, (vi) lost continuity in relation to their personal records, (vii) the continued risk to their Private Information, which may remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect Plaintiff's and Class Members' Private Information in its continued possession, and (viii) future costs in terms of time, effort and money that will be expended to prevent, detect, contest and repair the impact of the Private Information compromised as a result of the Data Breach for the remainder of the lives of Plaintiff and Class Members.

106.   As a direct and proximate result of Defendant's negligence se, Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including but not limited to anxiety, emotional distress, loss of privacy and other economic and noneconomic losses.

107.   Additionally, as a direct and proximate result of Defendant's negligence, Plaintiff and Class Members have suffered and will continue to suffer the continued risks of exposure of their Private Information, which remains in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect PHI/PII in its continued possession

**COUNT II**
**NEGLIGENCE *PER SE***
**(On Behalf of Plaintiff and the Nationwide Class)**

108.   Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 86 as though fully set forth herein.

109.   Section 5 of the FTC Act, 15 U.S.C. 45, prohibits "unfair . . . practices in or affecting commerce" including, as interpreted and enforced by the FTC, the unfair act or practice by Defendant of failing to use reasonable measures to protect Plaintiff's and Class Members' Private Information. Various FTC publications and orders also form the basis of Defendant's duty.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

110.    Defendant violated Section 5 of the FTC Act (and similar state statutes) by failing to use reasonable measures to protect Plaintiff's and Class Members' Private Information and by failing to comply with industry standards.

111.    Defendant's conduct was particularly unreasonable given the nature and amount of Private Information obtained and stored and the foreseeable consequences of a data breach on Defendant's systems.

112.    Class Members are consumers within the class of persons Section 5 of the FTC Act (and similar state statutes) were intended to protect.

113.    Moreover, the harm that has occurred is the type of harm the FTC Act (and similar state statutes) was intended to guard against. Indeed, the FTC has pursued over fifty enforcement actions against businesses which, as a result of their failure to employ reasonable data security measures and avoid unfair and deceptive practices, caused the same harm suffered by Plaintiff and Class Members.

114.    As a result of Defendant's negligence *per se*, Plaintiff and Class Members have been harmed and have suffered damages including, but not limited to: anxiety, emotional distress, loss of privacy and other economic and noneconomic losses; damages arising from identity theft and fraud; out-of-pocket expenses associated with procuring identity protection and restoration services; increased risk of future identity theft and fraud, and the costs associated therewith; and time spent monitoring, addressing, and correcting the current and future consequences of the Data Breach.

**COUNT III**
**BREACH OF THIRD-PARTY BENEFICIARY CONTRACT**
**(On Behalf of Plaintiff and the Nationwide Class)**

115.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 86 as though fully set forth herein.

116.    Upon information and belief, Defendant entered into virtually identical contracts with its clients to provide products and/or services, which included data security practices, procedures, and protocols sufficient to safeguard the Private Information that was to be entrusted to them.

21

117.   Such contracts were made expressly for the benefit of Plaintiff and the Class, as it was their Private Information that Defendant agreed to receive and protect through its services. Thus, the benefit of collection and protection of the Private Information belonging to Plaintiff and the Class was the direct and primary objective of the contracting parties, and Plaintiff and Class Members were direct and express beneficiaries of such contracts.

118.   Defendant knew that if it were to breach these contracts with its clients, Plaintiff and the Class would be harmed.

119.   Defendant breached its contracts with its clients and, as a result, Plaintiff and Class Members were affected by this Data Breach when Defendant failed to use reasonable data security and/or business associate monitoring measures that could have prevented the Data Breach.

120.   As foreseen, Plaintiff and the Class were harmed by Defendant's failure to use reasonable data security measures to securely store and protect the files in its care, including but not limited to, the continuous and substantial risk of harm through the loss of their Private Information.

121.   Accordingly, Plaintiff and the Class are entitled to damages in an amount to be determined at trial, along with costs and attorneys' fees incurred in this action.

## COUNT IV
### CALIFORNIA UNFAIR COMPETITION LAW
### Cal. Bus. & Prof. Code §§ 17200, et seq.
### (On Behalf of Plaintiff and the California Subclass)

122.   Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 86 as though fully set forth herein.

123.   Defendant is a "person" as defined by Cal. Bus. & Prof. Code § 17201.

124.   Defendant violated Cal. Bus. & Prof. Code §§ 17200, *et seq*. ("UCL") by engaging in unlawful, unfair, and deceptive business acts and practices.

125.   Defendant's "unfair" acts and practices include:

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

a.   Defendant's failure to implement and maintain reasonable security measures to protect Plaintiff's and Class Members' Private Information from unauthorized disclosure, release, data breaches and theft, which was a direct and proximate cause of the Data Breach. Defendant failed to identify foreseeable security risks, remediate identified security risks and adequately maintain and/or improve security following previous cybersecurity incidents. This conduct, with little if any utility, is unfair when weighed against the harm to Plaintiff and the Class, whose Private Information has been compromised;

b.   Defendant's failure to implement and maintain reasonable security measures also was contrary to legislatively declared public policy that seeks to protect consumers' data and ensure that entities that are trusted with it use appropriate security measures. These policies are reflected in laws, including the FTC Act (15 U.S.C. § 45, *et seq*.) and California's Consumer Records Act (Cal. Civ. Code § 1798.81.5);

c.   Defendant's failure to implement and maintain reasonable security measures also leads to substantial consumer injuries, as described above, that are not outweighed by any countervailing benefits to consumers or competition. Moreover, because consumers could not know of Defendant's inadequate security, consumers could not have reasonably avoided the harms that Defendant caused; and

d.   Engaging in unlawful business practices by violating Cal. Civ. Code § 1798.82.

126.   Defendant has engaged in "unlawful" business practices by violating multiple laws, including California's Consumer Records Act, Cal. Civ. Code §§ 1798.81.5 (requiring reasonable data security measures) and 1798.82 (requiring timely breach notification), California's Consumers Legal Remedies Act, Cal. Civ. Code § 1780, *et seq*., the FTC Act, 15 U.S.C. § 45, *et seq*., and California common law.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

127. Defendant's unlawful, unfair and deceptive acts and practices include:

    a. Failing to implement and maintain reasonable security and privacy measures to protect Plaintiff's and Class Members' Private Information, which was a direct and proximate cause of the Data Breach;

    b. Failing to identify foreseeable security and privacy risks, remediate identified security and privacy risks and adequately maintain and/or improve security and privacy measures, which was a direct and proximate cause of the Data Breach;

    c. Failing to comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' PHI/PII, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*, and California's Customer Records Act, Cal. Civ. Code § 1798.80, *et seq.*, which was a direct and proximate cause of the Data Breach;

    d. Misrepresenting that it would protect the privacy and confidentiality of Plaintiff's and Class Members' Private Information, including by implementing and maintaining reasonable security measures;

    e. Misrepresenting that it would comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' Private Information, including duties imposed by the FTC Act, 15 U.S.C. § 45, *et seq.*, and California's Customer Records Act, Cal. Civ. Code § 1798.80, *et seq.*;

    f. Omitting, suppressing and concealing the material fact that it did not reasonably or adequately secure Plaintiff's and Class Members' Private Information; and

    g. Omitting, suppressing and concealing the material fact that it did not comply with common law and statutory duties pertaining to the security and privacy of Plaintiff's and Class Members' PHI/PII, including duties imposed by the

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

FTC Act, 15 U.S.C. § 45, *et seq*., and California's Customer Records Act, Cal. Civ. Code §§ 1798.80, *et seq.*

128.    Defendant's representations and omissions were material because they were likely to deceive reasonable consumers about the adequacy of Defendant's data security and ability to protect the confidentiality of consumers' Private Information.

129.    As a direct and proximate result of Defendant's unfair, unlawful and fraudulent acts and practices, Plaintiff and Class Members were injured and lost money or property, including the price received by Defendant for its goods and services, monetary damages from fraud and identity theft, time and expenses related to monitoring their financial accounts for fraudulent activity, an increased, imminent risk of fraud and identity theft and loss of value of their Private Information, and emotional harm from having sensitive Private Information compromised.

130.    Defendant acted intentionally, knowingly and maliciously to violate California's Unfair Competition Law and recklessly disregarded Plaintiff's and Class Members' rights.

131.    Plaintiff and Class Members seek all monetary and nonmonetary relief allowed by law, including restitution of all profits stemming from Defendant's unfair, unlawful and fraudulent business practices or use of their Private Information, declaratory relief, reasonable attorneys' fees and costs under California Code of Civil Procedure § 1021.5, injunctive relief and other appropriate equitable relief.

**COUNT V**
**UNJUST ENRICHMENT**
**(On behalf of Plaintiff and the Nationwide Class)**

132.    Plaintiff incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 86 as though fully set forth herein.

133.    Plaintiff brings this claim in the alternative to his breach of third-party beneficiary contract claim.

134.    Plaintiff and Class Members conferred a benefit upon Defendant by providing it with their sensitive and valuable Private Information.

135.    By its wrongful acts and omissions described herein, Defendant has obtained a benefit by unduly taking advantage of Plaintiff and Class Members. Defendant appreciated or had knowledge of the benefits conferred upon itself by Plaintiff. Defendant also benefited from the receipt of Plaintiff's and Class Members' Private Information, as this was used for Defendant to administer its services.

136.    Under principles of equity and good conscience, Defendant should not be permitted to retain the full value of Plaintiff's and the Class Members' services and their Private Information because Defendant failed to adequately protect their Private Information. Plaintiff and the proposed Class would not have provided their Private Information to Defendant or utilized its services had they known Defendant would not adequately protect their Private Information.

137.    Plaintiff has no adequate remedy at law.

138.    Defendant should be compelled to disgorge into a common fund for the benefit of Plaintiff and Class Members all unlawful or inequitable proceeds received by it because of its misconduct and the Data Breach it caused.

### **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a.    For an order determining that this action is properly brought as a class action and certifying Plaintiff as the representative of the Class and his counsel as Class Counsel;

b.    For an order declaring that Defendant's conduct violates the laws referenced herein;

c.    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

d.    For damages in amounts to be determined by the Court and/or jury;

e.    For an award of statutory damages or penalties to the extent available;

f.    For pre-judgment interest on all amounts awarded;

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

g.   For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

h.   For an order of restitution and all other forms of monetary relief; and

i.   Such other and further relief as the Court deems necessary and appropriate.

## **JURY TRIAL DEMANDED**

Plaintiff demands a trial by jury of all claims in this Class Action Complaint so triable.

Dated: May 16, 2025                    Respectfully submitted,

                    *By: /s/ Kristen Lake Cardoso*
                    Kristen Lake Cardoso (SBN 338762)
                    Jeff Ostrow (*pro hac vice* forthcoming)
                    **KOPELOWITZ OSTROW P.A.**
                    One West Las Olas, Suite 500
                    Fort Lauderdale, FL 33301
                    Tel: (954) 525-4100
                    *cardoso@kolawyers.com*
                    *ostrow@kolawyers.com*

                    John J. Nelson (SBN 317598)
                    Gary Klinger (*pro hac vice*
                    forthcoming)
                    **MILBERG COLEMAN BRYSON
                    PHILLIPS GROSSMAN, PLLC**
                    402 W. Broadway, Suite 1760
                    San Diego, CA 92101
                    Telephone: (858) 209-6941
                    *jnelson@milberg.com*
                    *gklinger@milberg.com*

                    *Counsel for Plaintiff*

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF